UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Front Row Group et al., <br><br>         Plaintiffs, <br><br>     -against- <br><br> LY Berditchev Corp., <br><br>         Defendant. | 25-cv-1307 (AS) <br><br> <u>OPINION AND ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

  The plaintiffs here are Front Row Group, Beauty Pro Distributors LLC, and FB Select LLC. Plaintiffs allege that they are the exclusive distributors for several branded products on Amazon, and they claim that defendant's sale of those same products violate federal false-advertising and state tortious-interference laws.

  The Court starts with the sole federal claim alleged in the amended complaint, a Lanham Act false-advertising claim. As the Court in *FB Select, LLC v. Ocean Blue Trading, LLC*, 2025 WL 2172653 (S.D.N.Y. July 31, 2025) observed, to make out such a claim, the plaintiff must plausibly allege that the challenged message is either literally or impliedly false. *Id*. at *2. "If the challenged statement is not literally false, a plaintiff may show that the statement is likely to mislead or confuse consumers." *Id*. In the case of an omission, a plaintiff must show that the failure to disclose facts is relevant to an affirmative statement that is made false or misleading by its omission. *Id*. at *3 (citing *Register. Com, Inc. v. Domain Registry of America, Inc.*, 2002 WL 31894625, at *14 (S.D.N.Y. Dec. 27, 2002) ("According to the leading treatise on trademarks and unfair competition law, 'a failure to disclose facts is not actionable under [Lanham Act Section] 43(a),' unless the failure is relevant to an affirmative statement that is made false or misleading by its omission. McCarthy § 27:13.")).

  Plaintiffs' amended complaint says that defendant LY Berditchev's Amazon listings for its "new" products mislead consumers of KLAIRE LABS and POWERSTEP products ("Advertised Products"), because they are not "new" according to Amazon's definition of the term. Dkt. 21 ¶ 63. They say that according to Amazon's guidelines, "new" has a specialized meaning that requires a product to be covered by an original manufacturer's warranty (if there is one), and LY Berditchev's Advertised Products aren't. Plaintiffs allege that the manufacturers of the Advertised Products offer a "45 day Satisfaction Guarantee" or "customer satisfaction guarantee" but that these guarantees don't apply to those who purchase Advertised Products from someone other than plaintiffs. *Id*. ¶¶ 19–20. LY Berditchev doesn't dispute those facts, but disagrees that anything it did was misleading.

  Here's what the Amazon guidelines say about "new" products, according to the complaint:

> The following guidelines apply to all product categories unless otherwise indicated within specific categories.
>
> • *New*: Just like it sounds. A brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. Original packaging is present for most New items but certain items may be re-boxed.

*Id*. ¶ 16. Looking online, these guidelines currently reside on Amazon's "Seller Central" portal, under the header "Condition Guidelines." *See* https://sellercentral.amazon.com/help/hub/reference/external/G200339950?locale=en-US (last visited Jan. 14, 2026).

The Court agrees that plaintiffs have plausibly alleged that LY Berditchev's listings designating Advertised Products as "new," in light of Amazon's guidelines, potentially render that designation misleading. And because defendants' sole argument for dismissal of plaintiffs' false-advertising claim is on this element, its motion to dismiss this claim is denied.

The complaint plausibly alleges that Amazon advises sellers how to classify the goods they are selling based not only on whether they are unused and unopened, what one would traditionally think of as "new," but also that any original manufacturer's warranty on the product "still applies." Here, that's not the case. The complaint alleges that the manufacturers of Advertised Products provide customers with customer guarantees on all their products purchased on Amazon, but that these guarantees aren't honored if the Products are purchased through unauthorized resellers (such as LY Berditchev).

LY Berditchev argues that either the Amazon guidelines don't matter, or that LY Berditchev followed them, because they only say that *if* any warranty applies to the goods, it will be described in the product listing. The first argument raises fact issues about what matters to consumers in this context that can't be resolved at the pleadings stage. On the face of the complaint and the guidelines, they are categorical, directed toward sellers, and inform how products should be designated. The second isn't a fair reading of the guidelines. They are clear: "Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments." The fair reading of this language is that any original warranty applies to the product, and as to such a warranty, its details should be included in the listing comments. Here, the complaint alleges that there was an original manufacturer's warranty, but that it didn't apply to LY Berditchev's Advertised Products, so they aren't properly categorized as "new." One can understand why Amazon might have set forth these guidelines: Warranties are often important for customers, especially when buying what they think are new products. If customers knew that if they bought their goods from plaintiffs' site as opposed to LY Berditchev's, they would have the benefit of an additional customer guarantee, they might opt for the former. Customers are, according to the complaint, denied that information because Advertised Products on both sites are designated as "new."

Discovery might show that whether based on how things work on Amazon, information about consumers, or other facts, there aren't grounds for a false-advertising claim in this context. But at the pleadings stage, the complaint alleges a specific factual basis for LY Berditchev's listings of

Advertised Products being false or misleading, and LY Berditchev solely raises that element as grounds for dismissal.[1]

The Court also is aware that plaintiffs have filed a slew of other cases in this district, including some, like *Ocean Blue*, that were dismissed with prejudice (and even one prior case before this Court that was voluntarily dismissed after a motion to dismiss was granted with leave to replead). But this Court views every case on its own terms, and the operative complaint here states a claim for relief.

As for their tortious-interference claim, plaintiffs aren't so lucky. As LY Berditchev points out, one of the elements of such a claim is a third party's breach of a contract with the plaintiff. Dkt. 25 at 11 (quoting *Rich v. Fox News Network LLC*, 939 F.3d 112, 126–27 (2d Cir. 2019)). The complaint's Rube Goldberg theory of breach is that the manufacturers have two sets of contracts, one with retail distributors that say that the distributors can't sell through the internet or to people who might resell their products on the internet, and contracts with plaintiffs that say plaintiffs are the exclusive resellers of the manufacturers' products on Amazon. On plaintiffs' theory, LY Berditchev tortiously induced the retail distributors—not parties to this case—in breaching their contractual obligations to the manufacturers—also not parties to this case. That breach, in turn, caused the manufacturers to breach their exclusivity obligations to plaintiffs.

This theory fails. Any breach of the manufacturers' contracts with the retail distributors can't serve as the basis for plaintiffs' claim here, as plaintiffs aren't parties to those contracts. As to the manufacturers' contracts with plaintiffs, the complaint doesn't quote any provision of those contracts that was breached. On the contrary, the fact that the manufacturers put no-internet clauses in their contracts with the retail distributors suggests that they upheld their exclusivity obligation to plaintiffs, not the opposite. Absent further allegation of a specific contractual provision that the manufacturers breached—for example, a requirement to monitor the distributors or a guarantee that the retail distributors would hold up their end of the bargain—there's no plausible allegation of a viable breach. This claim fails out of the gate.

---

[1] To clarify, plaintiffs' federal false advertising claim (Count I) applies only to Advertised Products, so there aren't "claims relating to other brands," Dkt. 30 at 2, that can be dismissed on Count I. Dkt. 21 ¶ 17 (defining "Advertised Brands" to include only KLAIRE LABS and POWERSTEP, and "Advertised Products" are products from those brands only).

## CONCLUSION

LY Berditchev's motion to dismiss is GRANTED in part and DENIED in part. It is granted as to the tortious-interference claim, and denied as to the false-advertising claim. The parties should meet and confer, and submit a renewed case-management plan for the completion of discovery and summary-judgment briefing on or before February 1, 2026.

The Clerk of the Court is respectfully directed to close Dkt. 24.

SO ORDERED.

Dated: January 22, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge