**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARE TO BE GRAH LLC DBA FRONT ROW GROUP, BEAUTY PRO DISTRIBUTORS LLC, AND FB SELECT LLC<br><br>Plaintiffs,<br><br>- against –<br><br>LY BERDITCHEV CORP.<br><br>Defendant. | Civil Action No.: 1:25-cv-01307-AS<br><br>**DEFENDANT LY BERDITCHEV CORP.'S ANSWER TO AMENDED COMPLAINT** |
| LY BERDITCHEV CORP. LLC<br><br>Counter Plaintiff,<br><br>- against –<br><br>DARE TO BE GRAH LLC DBA FRONT ROW GROUP, BEAUTY PRO DISTRIBUTORS LLC, FB SELECT LLC, PROTHERA INC., REMINGTON PRODUCTS COMPANY DBA FOUNDATION WELLNESS AND STABLE STEP LLC.<br><br>Counter Defendants. | |

Defendant LY Berditchev Corp. ("Defendant"), by its attorneys, hereby submits its Answer to Plaintiffs Dare to be Grah LLC (dba Front Row Group), Beauty Pro Distributors LLC and FB Select LLC's (collectively, "Plaintiffs") Amended Complaint as follows. To the extent that any allegation is not expressly admitted herein, it is denied.

## NATURE OF THIS ACTION

Defendant admits that Plaintiffs purport to file an action for False Advertising under the Lanham Act (15 U.S.C. §1 1125(a)(1)(B)) and for tortious interference with contractual relations under New York common law. Except as expressly admitted, Defendant denies the allegations of this paragraph.

## JURISDICTION AND VENUE

1. For purposes of this action, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and pendant jurisdiction over the claims based in New York state and common law.

2. For purposes of this action, Defendant admits that it is subject to specific jurisdiction in this Court. Except as expressly admitted, Defendant denies the allegations of Paragraph 2.

3. For purposes of this action, Defendant admits that venue is proper in this Court. Except as expressly admitted, Defendant denies the allegations of Paragraph 3.

4. Denied.

## PARTIES

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9. Defendant admits that it is a New York Corporation having an address of 95 High St., Passaic, New Jersey, 07055. Except as expressly admitted, Defendant denies the allegations of Paragraph 9.

## BACKGROUND FACTS

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

*False Advertising*

16. Denied.

17. Denied.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. Defendant admits that the quoted language appears on the linked website, but Defendant is without information or knowledge sufficient to form a belief as to the truth the allegations in the quoted language. Accordingly, to the extent there are additional allegations contained in Paragraph 19 beyond the fact that this language exists, Defendant denies them.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Denied.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Denied.

30. Denied.

*Tortious Interference with Contract*

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. Admitted that Defendant is not part of the approved distribution channels for products made by the Contract Brands. To the extent there are additional allegations contained in Paragraph 34, including allegations of wrongdoing or misconduct, Defendant denies them.

35. Denied.

36. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37. Admitted that Defendant received the letters attached in Exhibits C and D and that the letters speak for themselves. To the extent there are additional allegations contained in Paragraph 37, including allegations of wrongdoing or misconduct, Defendant denies them.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Admitted that Defendant has no contractual relationship with the Contract Brands. Defendant denies that any such relationship is required to resell their products.

45. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48. Denied.

49. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51. Admitted that Defendant has never been granted permission from Front Row or The Contract Brands to advertise or sell their products, but denied that such authorization or permission is necessary. To the extent there are additional allegations contained in Paragraph 51, including allegations of wrongdoing or misconduct, Defendant denies them.

**COUNT I -FALSE ADVERTISING**
**15 U.S.C. § l 125(a)(l)(B)**

52. To the extent a response is required, Defendant realleges each and every allegation contained in Paragraphs 1-51 as if fully set forth herein.

53. Denied.

54. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56. Denied.

57. Denied.

58. Denied to the extent that this allegation suggests that the products sold by Defendant as "new" are not new or otherwise in compliance with Amazon's requirements.

59. Admitted that Defendant is not an authorized reseller of all the products that it sells, but denies that such authorization is necessary. To the extent there are additional allegations contained in Paragraph 59, including allegations of wrongdoing or misconduct, Defendant denies them.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**COUNT II – TORTIOUS INTERFERENCE**

**WITH CONTRACT**
**(New York Common Law)**

67. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

68. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

69. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

70. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

71. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

72. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

73. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

74. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

75. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

76. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

77. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

78. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

79. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

80. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

81. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

82. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

83. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

84. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

85. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

86. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

87. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

88. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

89. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

90. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

91. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

92. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

93. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

94. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

95. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

96. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

97. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

98. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

99. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

100. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

101. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

102. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

103. This claim was dismissed by the Court (*see* ECF No. 33). Accordingly, no response is required.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that the Court deny that Plaintiffs are entitled to any relief in this action.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Defendant bears the burden of proof as to any of the following affirmative defenses, Defendant asserts the following defenses or affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No False or Misleading Statement)

Defendant has not made any false or misleading representation of fact about its products. Any challenged statements are truthful, non-actionable, or constitute non-factual, subjective descriptions.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

Plaintiffs cannot show that any alleged conduct by Defendant proximately caused Plaintiffs' purported injuries. Plaintiffs have not suffered actual, ascertainable damages attributable to Defendant, as required under the Lanham Act.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Actual Injury / Damages Proximate Cause)**

Plaintiffs have not suffered actual, ascertainable damages attributable to Defendant.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff LY Berditchev Corp. ("LYB"), by and through undersigned counsel, asserts the following counterclaims against Plaintiffs and Counterclaim Defendants Dare to Be Grah LLC d/b/a Front Row Group, Beauty Pro Distributors LLC, FB Select LLC (collectively, "Front Row"), Prothera Inc. dba "Klaire Labs" ("Prothera"), Stable Step LLC ("Stable Step") and Remington Products Company DBA Foundation Wellness ("Foundation") ("Front Row," "Prothera," "Stable Step" and "Foundation," together, "Counterclaim-Defendants"):

1. LYB is a corporation organized and existing under the laws of the State of New York, with a place of business at 95 High Street, Passaic, New Jersey 07055.

2. On information and belief, Dare to be Grah LLC dba Front Row Group is a limited liability company incorporated under the laws of the State of New York, with its principal office at 31 Howard Street, New York, NY 10013.

3. On information and belief, Beauty Pro Distributors LLC is a limited liability company incorporated under the laws of the state of Florida with offices in Florida at 5455 North Federal Highway, Suite O, Boca Raton, Florida.

4. On information and belief, FB Select LLC is a limited liability company incorporated under the laws of the State of Delaware with its principal office at 31 Howard Street, New York, NY 10013.

5. On information and belief, Beauty Pro Distributors LLC and FB Select LLC are owned by Front Row Group.

6. On information and belief, Defendant Stable Step is an Ohio company and maintains a place of business at 961 Seville Road Wadsworth, Ohio 44281.

7. On information and belief, Defendant Foundation is an Ohio company and maintains a place of business at 961 Seville Road Wadsworth, Ohio 44281.

8. On information and belief, Foundation is an alter ego of Stable Step. Specifically, Foundation and Stable Step share common ownership and lack separate corporate personalities.

9. On information and belief, Defendant Prothera is a Nevada corporation with a principal place of business at 795 Trademark Drive, Reno, Nevada 89521.

## JURISDICTION AND VENUE

10. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

11. This Court has personal jurisdiction over Counterclaim-Defendants because Counterclaim-Defendants have subjected themselves to the jurisdiction of this Court for purposes of these counterclaims, and because they transact business within the State of New York, and have committed tortious acts causing injury within the State of New York.

12. With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

13. On information and belief, Foundation manufactures and distributes POWERSTEP-brand shoe insoles (“Powerstep Products”).

14. On information and belief, Front Row is a distributor of POWERSTEP-brand insoles and sells POWERSTEP-brand insoles through an Amazon storefront.

15. On information and belief, Foundation also sells POWERSTEP-brand insoles through an Amazon storefront.

16. On information and belief, Stable Step is the owner of the POWERSTEP trademarks (collectively, the “Powerstep Mark”), including U.S. Trademark Registration Nos. 3646937 for POWERSTEP, 7225650 for POWERSTEP BRIDGE (stylized) and 3405909 for POWERSTEP PINNACLE (collectively, “the Powerstep Registrations”).

17. On information and belief, Stable Step licenses the Powerstep Mark to Foundation.

18. On information and belief, Prothera manufactures and distributes KLAIRE LABS-brand dietary supplements (“Klaire Labs Products”).

19. On information and belief, Front Row is a distributor of KLAIRE LABS-brand dietary supplements, and sells KLAIRE LABS-brand dietary supplements through an Amazon storefront.

20. On information and belief, Prothera is the owner of the KLAIRE LABS trademarks (collectively, the “Klaire Labs Mark”), including U.S. Trademark Registration Nos. 5551790 for KLAIRE LABS, 5551460 for KLAIRE LABS (stylized) and 2426507 for KLAIRE LABORATORIES (collectively, “the Klaire Labs Registrations”).

21. LYB is in the business of lawfully acquiring and re-selling various consumer products for a profit.

22. LYB resells products through various channels, including through an Amazon storefront.

23. Since its formation, LYB has served hundreds of thousands of customers through its Amazon storefront.

24. According to the Amended Complaint, Counterclaim-Defendants have entered into illegal agreements in order to monopolize and restrain the trade of Powerstep Products and Klaire Labs Products on Amazon.

25. Counterclaim-Defendants' illegal actions have irreparably damaged and threaten to destroy LYB's successful business.

**Counterclaim-Defendants Use their Amazon Storefronts to Dispose of Damaged and Defective Merchandise**

26. Like LYB, Counterclaim-Defendants operate Amazon storefronts through which they sell Powerstep and Klaire Labs Products.

27. Foundation advertises products on the "CURREX_PowerStep" Amazon Storefront, which competes with LYB's Amazon storefront.

28. However, Foundation does not compete fairly.

29. Foundation uses its Amazon Storefront as an outlet to dump used, damaged and defective products on unsuspecting Amazon customers.

30. Foundation ships customers products that do not match the advertised product.

31. As can be seen in the plethora of negative reviews, Amazon customers routinely receive old, damaged and incomplete products from the Foundation storefront:

CURREX_PowerStep

Visit the CURREX_PowerStep storefront

87% positive in the last 12 months (1433 ratings)

**Detailed Seller Information**

**Business Name:** Foundation Wellness, DBa Currex LLC

**Business Address:**

961 seville rd
WADSWORTH
OH
44281
US

"Not the product I imagined."

By Paul Lau on March 16, 2026.

"I was sent a pair of well worn inserts. From a hygiene aspect, this is awful."

By kt on March 15, 2026.

"Sent expired product."

By M. Maurer on March 14, 2026.

"It a size 7 and I have a size 12 shoe. Very disappointed"

By Lolita Amon on March 8, 2026.

"Seller sent the item so slow and used..."

By Ahmed on March 4, 2026.

"The product seemed to have been previously used. The packaging arrived opened on the back, and the bottom of the tube had been bent up. What makes matters worse is that I did not notice that the product is non-refundable."

Read less

By Luis A on February 20, 2026.

32. By using its storefront as an outlet for damaged and degraded merchandise, while purporting to offer the same product as LYB, Foundation harms LYB and Amazon's customers.

33. Front Row advertises products on the "FRONT ROW" Amazon Storefront, which competes with LYB's Amazon storefront.

34. However, Front Row does not compete fairly.

35. Front Row uses its Amazon Storefront as an outlet to dump used, damaged and defective products on unsuspecting Amazon customers.

36. Front Row ships customers products that do not match the advertised product.

37. As can be seen in the plethora of negative reviews, Amazon customers routinely receive old, damaged and incomplete products from the Front Row storefront:

FRONT ROW

Visit the FRONT ROW storefront

**Detailed Seller Information**

**Business Name:** Dare to be Grah LLC
**Business Address:**
5 Crosby Street, 5B
NEW YORK
NY
10013
US

"Did not receive my order just a box.😣 I'm pretty sure this was not the sellers fault. It was the packaging person, . Please could you send another bottle. I have not had any problems with the seller before and I would like to keep it that way! If we can resolve this, I will change my rating. For now the rating will not be that gr Thank you, Carol T"
Read less

By CAROL T on March 15, 2026.

"The product photos are completely misleading. The seller has manipulated the size of the wave spray to make it appear as large as the full size leave in condition. The seller also used the word "deluxe size" when describing the wave spray when in fact it's the test/travel size bottle. This is extremely predatory selling when charging the price that the manufacturer charges for 2 full size products"
Read less

By Amazon Customer on March 15, 2026.

"It made me feel sick somethng was wrong with it! I had to order from a pharmacy and their was no problem with my stomach,"

By suzyb on March 15, 2026.

38. By using their storefront as an outlet for damaged and degraded merchandise, while purporting to offer the same product as LYB, Front Row harms LYB and Amazon's customers.

## COUNTERCLAIM I – CANCELLATION OF POWERSTEP MARK

39. LYB repeats and realleges the allegations of Paragraphs 1–38 of the Counterclaims as if fully set forth herein.

40. A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ." 15 U.S.C. § 1064(3).

41. Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."

42. One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

43. On information and belief, Foundation engaged in naked licensing of the Powerstep Mark by granting licenses to use the marks and failing to exercise adequate control over a substantial percentage of their licensees' goods and services bearing the Powerstep Mark. Stable Step and Foundation also lacked the kind of working relationship with its licensees that would have allowed for adequate quality control.

44. On information and belief, Stable Step and Foundation have not actually exercised adequate control over the nature and quality of their purported licensees' use of the Powerstep Mark.

45. For example, Stable Step and Foundation allow Front Row to enforce the Powerstep Marks, including submitting reports of infringement to Amazon, without any oversight or control.

46. Stable Step and Foundation's naked licensing of the Powerstep Mark has caused the mark to lose trademark significance, and as a consequence, the public no longer associates these marks with a single source of goods or services. Stable Step and Foundation thus have abandoned the Powerstep Mark through course of conduct.

47. This abandonment warrants the cancellation of the Powerstep Marks pursuant to 15 U.S.C. §§ 1064(3) and 1119.

**COUNTERCLAIM II – CANCELLATION OF KLAIRE LABS MARKS**

48. LYB repeats and realleges the allegations of Paragraphs 1-47 of the Counterclaims as if fully set forth herein.

49. A registration is subject to cancellation "[a]t any time if the registered mark . . . has been abandoned . . . ." 15 U.S.C. § 1064(3).

50. Pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127, a mark is deemed abandoned "[w]hen any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark."

51. One way in which a trademark owner can abandon its mark is by engaging in uncontrolled or "naked" licensing—that is, by licensing the mark to third parties without controlling the quality of those parties' goods or services bearing the licensed mark.

52. On information and belief, Prothera engaged in naked licensing of the Klaire Labs Mark by granting licenses to use the marks and failing to exercise adequate control over a substantial percentage of their licensees' goods and services bearing the Klaire Labs Mark. Prothera also lacked the kind of working relationship with its licensees that would have allowed for adequate quality control.

53. On information and belief, Prothera has not actually exercised adequate control over the nature and quality of their purported licensees' use of the Klaire Labs Mark.

54. For example, Prothera allows Front Row to enforce the Klaire Labs Marks, including submitting reports of infringement to Amazon, without any oversight or control.

55. Prothera's naked licensing of its mark has caused the mark to lose trademark significance, and as a consequence, the public no longer associates these marks with a single source of goods or services. Prothera thus abandoned the Klaire Labs Mark through its course of conduct.

56. This abandonment warrants the cancellation of the Klaire Labs Mark pursuant to 15 U.S.C. §§ 1064(3) and 1119.

## COUNTERCLAIM II – FALSE ADVERTISING, 15 U.S.C. § 1125(a)

57. LYB incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-56 above.

58. Counterclaim-Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and misleading statements, including regarding the condition of these products.

59. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Amazon customers and potential customers for Powerstep and Klaire Labs Products. This deception is material in that it is likely to influence the purchasing decisions of customers for Powerstep and Klaire Labs Products.

60. Counterclaim-Defendants's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

61. Counterclaim-Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to LYB for which there is no adequate remedy at law. As such, LYB is entitled to an injunction under 15 U.S.C. § 1116 restraining Counterclaim-Defendants, their agents, employees, representatives, and all persons acting in

concert with them, from engaging in further acts of false advertising, and ordering removal of all Counterclaim-Defendants' false advertisements.

62. Pursuant to 15 U.S.C. § 1117, LYB is entitled to recover from Counterclaim-Defendants the damages sustained by LYB as a result of Counterclaim-Defendants' acts in violation of Section 43 of the Lanham Act.

63. Pursuant to 15 U.S.C. § 1117, LYB is also entitled to recover from Counterclaim-Defendants the gains, profits, and advantages that they have obtained as a result of their unlawful acts.

64. Pursuant to 15 U.S.C. § 1117, LYB is further entitled to recover the costs of this action. Moreover, LYB is informed and believes that Counterclaim-Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling LYB to recover additional damages and reasonable attorneys' fees.

## COUNTERCLAIM III – VIOLATION OF DONNELLY ACT
**(N.Y. Gen. Bus. Law. § 340(1))**

65. LYB repeats and realleges the allegations of Paragraphs 1-64 of the Counterclaims as if fully set forth herein.

66. Under the Donnelly Act, any contract, agreement, or arrangement that forms a monopoly or restrains competition in trade is illegal.

67. Counterclaim-Defendants have entered into agreements to monopolize and restrain competition on Amazon for Powerstep and Klaire Labs Products.

68. Specifically, Stable Step and Foundation have entered into one or more agreements with Front Row to restrict who can sell Powerstep Products on Amazon and which attempt to control the pricing for Powerstep Products on Amazon.

69. Similarly, Prothera has entered into one or more agreements with Front Row to restrict who can sell Klaire Labs Products on Amazon and which attempt to control the pricing for Klaire Labs Products on Amazon.

70. As a result of these conspiracies, third parties are prevented from competing with Front Row for sales on Amazon, to the detriment of the third-party sellers and consumers.

71. On information and belief, Foundation and Prothera allow Front Row to submit false infringement reports to Amazon regarding any third parties that attempt to sell Powerstep or Klaire Labs Products on Amazon.

72. The result of these reports is that Amazon removes the third parties' ability to offer and sell the reported products on Amazon.

73. In furtherance of these unlawful agreements, Front Row has filed a slew of sham lawsuits aimed at dissuading third-party sellers from entering the Amazon marketplace and offer Powerstep and Klaire Labs Products at competitive prices.

74. LYB has suffered injury and, unless Counterclaim-Defendants are enjoined from such activity, will continue to suffer injury.

## COUNTERCLAIM IV – DECEPTIVE BUSINESS PRACTICES
**(N.Y. Gen. Bus. Law. § 349)**

75. LYB repeats and realleges the allegations of Paragraphs 1-74 of the Counterclaims as if fully set forth herein.

76. Counterclaim-Defendants' conduct constitutes deceptive acts or practices in the conduct of business under New York General Business Law § 349.

77. Counterclaim-Defendants have entered into agreements to monopolize and restrain competition on Amazon for Powerstep and Klaire Labs Products.

78. Specifically, Foundation has entered into one or more agreements with Front Row to restrict who can sell Powerstep Products on Amazon and which attempt to control the pricing for Powerstep Products on Amazon.

79. Similarly, Prothera has entered into one or more agreements with Front Row to restrict who can sell Klaire Labs Products on Amazon and which attempt to control the pricing for Klaire Labs Products on Amazon.

80. As a result of these conspiracies, third parties are prevented from competing with Front Row for sales on Amazon, to the detriment of the third-party sellers and consumers.

81. On information and belief, Foundation and Prothera allow Front Row to submit false infringement reports to Amazon regarding any third parties that attempt to sell Powerstep or Klaire Labs Products on Amazon.

82. The result of these reports is that Amazon removes the third parties' ability to offer and sell the reported products on Amazon.

83. LYB has suffered injury and, unless Counterclaim-Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, LYB respectfully requests that this Court enter judgment in favor of LYB and against Counterclaim-Defendants, and issue an Order:

A. Entry of a judgment directing the Director of the USPTO to cancel the Powerstep Mark;

B. Entry of a judgment directing the Director of the USPTO to cancel the Klaire Labs Mark;

C. An award of all damages that LYB has suffered as a result of Counterclaim-Defendants' false advertising;

D. An award of all damages that Counterclaim-Plaintiff has suffered as a result of Counterclaim-Defendants' violation of New York General Business Law, §§ 340 and 349;

E. Requiring Plaintiffs to pay all costs and fees incurred in this Action; and

F. Granting Defendant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

LYB hereby requests a jury trial for all issues triable by jury.

## RESERVATION OF RIGHTS

LYB reserves the right to assert any defenses or affirmative defenses under the Federal Rules of Civil Procedure, the laws of the United States or New York, and any other defense, at law or in equity, that may now exist or in the future become known or available based upon discovery and further investigation in this case.

Dated: New York, New York
March 16, 2026

MASCHOFF BRENNAN

/s/ *Benjamin Charkow*
Benjamin Charkow
bcharkow@mabr.com
15 West 26th Street, 7th Floor
New York, NY 10010
Phone: 212-529-3347

*Attorney for LY Berditchev Corp.*

**CERTIFICATE OF SERVICE**

Pursuant to Local Civil Rule 6.1, I hereby certify that on March 16, 2026, this document was served on counsel of record for all parties that have appeared in the action via ECF.

/s/ *Benjamin Charkow*
Benjamin Charkow