**Specific Claim Elements Not Plausibly Alleged in Support of Plaintiff's Motion to Dismiss Counterclaims**

**Pursuant to Paragraph 8.G.i. of Honorable Arun Subramanian's Individual Practices in Civil Cases**

| Counterclaim | Elements to Prove the Claim | Elements Not Plausibly Pleaded |
|---|---|---|
| **I. Cancellation of POWERSTEP registrations (abandonment via naked licensing)** | - **Standing:** Real and rational basis for belief of damage tied to an actual commercial or pecuniary interest in the mark; Article III injury traceable to the registration and redressable by cancellation . <br><br> - **Abandonment through naked licensing:** Trademark owner's failure to exercise adequate quality control over licensees such that the mark has lost its significance as a source identifier (i.e., loss of trademark significance). - **Proper party for cancellation relief:** Relief directed to the registrant whose registration is to be canceled (court may cancel "registrations of any party to the action"). | -**Standing:** No facts showing LYB's commercial or pecuniary interest in the POWERSTEP marks, ownership of a related/competing mark, or concrete harm from continued registration. <br><br> -**Loss of source-identifying significance:** No facts that consumers no longer associate POWERSTEP with a single source; no genericness or loss-of-significance allegations supported by facts. <br><br> - **Quality control failure specifics:** Only "information and belief" assertions; no identified licensees or facts showing inadequate control over licensees' goods/use; allegations conflict with "related companies/alter ego" assertions. <br><br> - **Proper defendant/relief:** Front Row is not the registrant; no facts supporting cancellation "of any party to the action" as to Front Row. |
| **II. Cancellation of KLAIRE LABS registrations (abandonment via naked licensing)** | - **Standing:** Real and rational basis for belief of damage tied to an actual commercial or pecuniary interest in the mark; Article III injury traceable to the registration and redressable by cancellation . <br><br> **Abandonment through naked licensing:** Owner failed to exercise adequate | - **Standing facts:** No facts showing LYB's commercial or pecuniary interest in KLAIRE LABS marks or harm from continued registration. - **Licensee/control facts:** No licensee identified; allegations made solely on "information and belief" without factual basis; no facts showing inadequate control |

| Counterclaim | Elements to Prove the Claim | Elements Not Plausibly Pleaded |
|---|---|---|
| | quality control over licensees, causing loss of trademark significance.<br>- **Proper party for cancellation relief:** Relief aimed at the registrant; court authority limited to "registrations of any party to the action". | or a working relationship deficiency.<br>- **Loss of source-identifying significance:** No facts that the KLAIRE LABS marks lost trademark significance or became generic.<br>- **Proper defendant/relief:** Front Row is not the registrant; no basis for cancellation relief against it . |
| **III. False advertising (Lanham Act § 43(a))** | - False or misleading statement of fact in a commercial advertisement or promotion;<br><br>- Actual deception or tendency to deceive a substantial segment of the audience;<br><br>- Materiality;<br><br>- Interstate commerce;<br><br>- Injury (actual or likely) to the plaintiff caused by the statement . | - **Specific false statements:** No identified listing, advertisement, or concrete statement attributable to any counter-defendant; only vague references to "product listings" and "condition" .-<br>**Product scope:** No identification of which products are at issue (e.g., POWERSTEP, KLAIRE LABS, or others) .<br>- **Injury and causation:** Only conclusory "irreparable injury" with no facts tying any statement to LYB's harm<br>- **Use of reviews:** Reliance on third-party Amazon reviews, not commercial statements by Front Row or others. |
| **IV. Donnelly Act (N.Y. GBL § 340(1))** | - **Antitrust standing/efficient enforcer:** Antitrust injury (harm from reduced competition, not merely to a competitor) and suitability as efficient enforcer. -<br>**Agreement/combination that unreasonably restrains trade** (often requiring market analysis unless per se, which does not apply to exclusive dealing).<br>- **Relevant market definition** (product and geographic) grounded in | - **Antitrust injury/efficient enforcer:** Alleged harm is exclusion of a single reseller, not market-wide harm to competition; no facts showing consumer harm or reduced market output/choice. -<br>**Relevant market:** No plausible product or geographic market alleged; "sales on Amazon" is a distribution channel, not a market; no interchangeability or cross-elasticity facts. -<br>**Substantial foreclosure:** No facts showing foreclosure of a substantial share of any |

| Counterclaim | Elements to Prove the Claim | Elements Not Plausibly Pleaded |
|---|---|---|
| | interchangeability/cross-elasticity. <br> - **Substantial foreclosure (for exclusive dealing):** Exclusive arrangements foreclose a substantial share of a properly defined market. | market; only that LYB could not sell two brands on one platform . <br> - **Unlawful agreement specifics:** No details of the supposed agreements' terms, scope, duration, or competitive effects beyond conclusory assertions . |
| **V. N.Y. GBL § 349 (deceptive business practices)** | - **Consumer-oriented conduct**; <br><br> - **Materially misleading act or practice** (likely to mislead a reasonable consumer);- <br><br> **Actual injury caused by the deception** . | - **Consumer orientation:** Allegations concern private distribution and enforcement arrangements between businesses, not consumer-directed conduct. - **Materially misleading statements:** No identified consumer-facing misrepresentation by Front Row or others; reliance on third-party reviews, not defendants' statements. - **Causation and injury:** Only a bare assertion that LYB "has suffered injury," with no facts showing injury caused by consumer deception distinct from the antitrust-style exclusion theory; duplicative of the Donnelly Act allegations. |

Page **3** of **3**